UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br><br>SECRETARY OF LABOR, UNITED STATES<br><br>DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendants | CIVIL ACTION<br><br>CASE NO. 4:14-cv-1233<br><br>**COMPLAINT – Labor**<br>29 U.S.C. §651, *et seq.* |

I

Plaintiff brings this action for injunctive and other relief, pursuant to §11(c) of the Occupational Safety and Health Act of 1970, as amended (29 U.S.C. §651 *et seq.*), ("the Act") seeking to enforce the provisions of §11(c) of the Act and the Regulations published at 29 C.F.R. Part 1977.

II

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §660(c)(2), namely §11(c)(2) of the Act.

III

Defendant is the United States Postal Service, an independent establishment of the executive branch of the United States, with facilities employing public employees throughout the United States. Because all of the activities at issue here occurred at the St. Louis Network Distribution

4GAS3001AJR

Center ("NDC"), located at 5800 Phantom Drive, Hazelwood, Missouri, or at other locations in St. Louis County, Missouri this court is the proper venue for this action.

IV

Defendant is now, and has been at all times material herein, a person as defined in 29 U.S.C. §652(4). The term "employer" means "a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service) or any State or political subdivision of a State." 29 U.S.C. §652(5). Thus at all times material herein Defendant was also an employer within the meaning of the Act.

V

At all times material herein, Thomas Purviance was and is an employee who was and is employed by the above-named Defendant employer as both terms are defined by 29 U.S.C. §§652(5) and (6).

VI

Mr. Purviance filed a complaint with the Plaintiff on March 30, 2010 alleging that the Defendant discriminated against him in violation of §11(c)(1) of the Act.

VII

Plaintiff thereafter investigated the above complaint in accordance with §11(c)(2) of the Act and determined that Defendant violated §11(c)(1) of the Act when it, *inter alia*, suspended Mr. Purviance, harassed and defamed Mr. Purviance, and terminated Mr. Purviance, all in retaliation for Mr. Purviance engaging in protected activity as further set forth below.

2

VIII

Mr. Purviance has been employed by Defendant for more than 35 years. Mr. Purviance has most recently been employed at the NDC in a Building and Equipment Maintenance ("BEM") role. Mr. Purviance is one of fewer than five BEM employees at the NDC who had completed specialized Heating Ventilation and Air Conditioning ("HVAC") training at the time of his Complaint. Mr. Purviance's duties at the NDC include ensuring the safe and continuous operation of the HVAC system for the entire facility, including the safe operation of the boilers. Prior to the incidents giving rise to this Complaint, Mr. Purviance had no negative employment history and no criminal history.

IX

Between December 2 and December 4, 2009, Mr. Purviance repeatedly complained to his supervisors, and to the Occupational Safety and Health Administration, about an unsafe workplace. Mr. Purviance complained specifically about a suspected carbon monoxide leak and about a fuel oil leak and an accumulation of fuel oil soaked rags associated with the leak. Despite Mr. Purviance's complaints, Defendant neither provided a tool to measure carbon monoxide levels nor properly disposed of the fuel oil soaked rags.

X

On December 3, 2009, OSHA inspector David Keim arrived at the NDC to conduct an inspection pursuant to Mr. Purviance's safety complaint to OSHA. When Mr. Keim arrived, Defendant's managers escorted him to the boiler room up the back stairs, avoiding the room adjacent to the boiler in which fuel oil soaked rags were being improperly stored. Mr. Keim did not have a carbon monoxide detector or monitor with him, so no carbon monoxide test of the boiler room was conducted.

3

XI

On December 4, 2009, Mr. Purviance attempted to contact the local Fire Marshall via a non-emergency telephone number to request a carbon monoxide test of the boiler room and to report the fuel oil soaked rags adjacent to the boiler room. After repeated attempts to reach the Fire Marshall over several hours failed, Mr. Purviance called 9-1-1 and requested that someone come to the NDC to test for carbon monoxide in the boiler room. At no time during his conversation with the 9-1-1 operator did Mr. Purviance claim that there was an active emergency at the NDC.  When the 9-1-1-dispatched response arrived at the NDC, USPS managers immediately characterized Mr. Purviance to the responders as a "disgruntled employee," said that they suspected Mr. Purviance of making a false report, and that they suspected Mr. Purviance of being a threat to sabotage the NDC building, despite the lack of any factual basis for the allegation that Mr. Purviance was a threat in any way. In so doing, USPS managers discriminated against Mr. Purviance in violation of Section 11(c) of the Act, for engaging in the protected activity of reporting his safety concerns to the fire department. Defendant further discriminated against Mr. Purviance on December 5, 2009, when it notified Mr. Purviance that he was suspended from work without pay for 15 days. Mr. Purviance's suspension was to continue indefinitely thereafter, though he would be paid during the suspension beyond 15 days.

XII

From December 4, 2009 through March 15, 2010 and at times thereafter, Defendant's managers engaged in a concerted effort to pressure the county prosecutor's office to criminally prosecute Mr. Purviance because he had reported safety concerns. NDC managers referred to Mr. Purviance variously as a drug user, dangerous, unstable, and "a terrorist," all without any factual basis. On March 30, 2010, with the indefinite suspension continuing, Mr. Purviance filed a

complaint with OSHA alleging harassment by Defendant in violation of Purviance's rights under Section 11(c) of the Act.  On April 3, 2010, Purviance was arrested by Hazelwood Police on charges of making a terrorist threat and making a false report. Purviance was held in jail for approximately 18 hours before his attorney could arrange his release. All criminal charges against Mr. Purviance were ultimately dismissed.

XIII

By April 15, 2010, Mr. Purviance was cleared of sabotage allegations by the Postal Service Office of the Inspector General ("OIG"). The OIG determined that a different employee was responsible for a destructive act of which Mr. Purviance had been accused. However, Defendant continued to refuse to reinstate Mr. Purviance from his indefinite suspension.

XIV

On September 23, 2010, Defendant served Mr. Purviance with a "Notice of Removal," stating that Defendant intended to terminate Mr. Purviance for reasons that included calling 9-1-1 to report safety concerns; being arrested on charges of making a terrorist threat and filing a false report; and alleging that Mr. Purviance should have disposed of the fuel oil soaked rags about which he had complained.  OSHA standards and Postal Service rules state that Mr. Purviance was not qualified to dispose of the volume of hazardous waste comprised by the fuel oil soaked rags.

XV

On September 29, 2010, Mr. Purviance amended his OSHA 11(c) complaint to include the Proposed Notice of Removal as another adverse action taken in retaliation for Mr. Purviance's safety complaints. Plaintiff investigated the amended complaint in accordance with Section 11(c)(2) of the Act.

XVI

On October 14, 2010, Mr. Purviance was sent a "Letter of Decision," which informed him that he was terminated from employment by Defendant, effective November 6, 2010, for the reasons specified in the Notice of Removal. On October 22, 2010, Mr. Purviance filed a Second Amended OSHA 11(c) Complaint, which added his termination to the adverse actions he had suffered in violation of his rights under Section 11(c) of the Act. Plaintiff investigated the second amended complaint in accordance with Section 11(c)(2) of the Act.

XVII

On March 17, 2011, the criminal charges filed against Mr. Purviance in April, 2010 were dismissed by the St. Louis County prosecutor.

XVIII

Nearly two months later, on May 5, 2011, Defendant rescinded the Notice of Proposed Removal, rendering Mr. Purviance's ongoing Merit Systems Protection Board ("MSPB") appeal of his removal moot. Defendant provided back pay and restored benefits to Mr. Purviance, covering the period from November 6, 2010 through May 5, 2011. However, Defendant's unilateral resolution did not compensate Mr. Purviance for lost wages during his 15-day suspension in December, 2009 nor did it compensate him for consequential damages and other appropriate relief to which Mr. Purviance is entitled under Section 11(c)(2) of the Act .

XIX

By the acts described above, and by each of said acts, Defendant discriminated against Mr. Purviance by suspending him, publicly disparaging him, and pursuing a baseless criminal complaint against him,  because he exercised his rights on behalf of himself or others under the Act; including

reporting safety hazards to Defendant, to the Occupational Safety and Health Administration, and to the appropriate local authorities and filing a complaint with OSHA alleging retaliation by Defendant because of his protected activities; as detailed in paragraphs IX through XVIII above, and thereby Defendant did engage in conduct in violation of §11(c)(1) of the Act.

XX

Defendant's pursuit of baseless criminal charges against Complainant, leading to Complainant's arrest and detention; and Defendant's extended campaign of public disparagement of Complainant, because of Complainant's efforts on behalf of employee safety, were intentional efforts to punish Complainant for the exercise of rights protected by Section 11(c) of the OSH Act of 1970 and to deter other employees from exercising such rights.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendant as follows:

(1) For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of §11(c)(1) of the Act (29 U.S.C. §660(c)(1)); and

(2) For all appropriate relief, including payment to Thomas Purviance for lost wages and benefits, including interest thereon; compensatory damages, including damages for emotional distress; consequential damages, including attorney's fees incurred to defend against Defendant's criminal allegations; and exemplary damages to deter such conduct by Defendant in the future ; and

(3) For an Order requiring posting in a prominent place for 60 (sixty) consecutive days and compliance with a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real or perceived, in activities protected by §11(c) of the Act and for the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 10th day of July, 2014.

        M. PATRICIA SMITH
        Solicitor of Labor

        CHRISTINE Z. HERI
        Regional Solicitor

        H. ALICE JACKS
        Associate Regional Solicitor

        /s/ Kim Prichard Flores
        KIM PRICHARD FLORES
        Trial Attorney
        Federal Bar #86452MD

        AARON J. RITTMASTER
        Trial Attorney
        MO Bar #51161